# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

CARL ERSKINE QUARLES, JR.                                                PETITIONER


v.                          NO. 5:13CV00283 KGB/HDY


RAY HOBBS, Director of the                                              RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

The record reflects that in November of 2012, petitioner Carl Erskine Quarles, Jr., ("Quarles") pleaded guilty in Clark County, Arkansas, Circuit Court to seven criminal offenses and was sentenced to a cumulative term of 300 months, or twenty-five years, in the custody of respondent Ray Hobbs ("Hobbs").[1] Because Quarles pleaded guilty, he was precluded from prosecuting a direct appeal.

In February of 2013, Quarles filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The state trial court judge denied the petition, finding that the petition did not contain cognizable claims and, alternatively, was not timely filed. Quarles did not appeal the denial of his petition.

In September of 2013, Quarles commenced the case at bar by filing a petition pursuant to 28 U.S.C. 2254. In the petition, he challenged his 2012 guilty plea and advanced the following two claims for relief: 1) his attorney provided constitutionally ineffective representation because counsel told Quarles that the terms of imprisonment would run concurrent with each other when they, in fact, are running consecutive to each other; and 2) the prosecuting attorney had a conflict of interest  because the prosecutor had allegedly represented Quarles in an earlier unrelated criminal case.

---

[1] Quarles pleaded guilty to the following seven criminal offenses: 1) simultaneous possession of drugs and firearms, 2) possession of methamphetamine or cocaine with intent to deliver, 3) use or possession of paraphernalia to manufacture methamphetamine, 4) possession of a schedule VI controlled substance with intent to deliver, 5) possession of a firearm by certain persons, 6) possession of a defaced firearm, and 7) fleeing.

Hobbs filed a response to the petition. In the response, he asked that the petition be dismissed because the claims contained in it are procedurally barred from federal court review.

The undersigned briefly reviewed the parties' submissions and made two determinations. First, Quarles should be accorded an opportunity to file a reply to Hobbs' response. Quarles was so invited but failed to accept the invitation. Second, the submission of a transcript of Quarles' sentencing hearing would be beneficial. The undersigned directed Hobbs to file the transcript, and Hobbs has now done so.

The undersigned has now thoroughly reviewed the parties' submissions, particularly the transcript of Quarles' sentencing hearing. For the reasons that follows, the undersigned recommends that Quarles' petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

Quarles raised the claims at bar in his state trial court petition for post-conviction relief. The petition was denied at the trial court level, and he did not appeal the denial of his petition. Given this procedural background, the undersigned finds that he procedurally defaulted in litigating the claims at bar. In the typical case, the question becomes whether the petitioner can show cause for his default and resulting prejudice. Rather than enter that morass, particularly in light of the United States Supreme Court decisions in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, — L.Ed.2d —, 2013 WL 2300805 (2013), the Court will simply reach the merits of Quarles' claims.

Quarles first challenges the representation provided by his trial attorney. He specifically maintains that counsel provided constitutionally ineffective representation because counsel told Quarles his terms of imprisonment would run concurrent with each other when they, in fact, are running consecutive to each other.

A challenge to an attorney's representation is governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). It requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness under the circumstances, and that counsel's deficient performance prejudiced the defense.

The undersigned has reviewed the transcript of Quarles' sentencing hearing, and it reflects that the state trial court judge summarized the offenses Quarles was charged with committing and the range of possible punishment for each offense. <u>See</u> Document 8, Exhibit 4 at 5-6. He pleaded guilty to the offenses and briefly provided a factual basis for his plea. <u>See</u> Document 8, Exhibit 4 at 7. The prosecuting attorney then outlined the punishment for each offense that he was recommending, and Quarles acknowledged that the outline was accurate and reflected his agreement with the prosecutor. <u>See</u> Document 8, Exhibit 4 at 7-9. The state trial court judge then imposed the following sentence based on the parties' agreement:

> BY THE COURT: All right. I'll accept the agreement. And I'm going to attempt to restate it. And I'll ask the lawyers to listen carefully, Mr. Quarles, and make sure if I say something incorrectly, let's stop and make sure I state it correctly on the record.
>
> …

BY THE COURT: As I said, I'll accept the agreement. And on Count I you'll be sentenced to 25 years in the Department of Corrections, with 10 of that being a suspended imposition of sentence.

On Count 2, is 10 years.

On Count 3, is 10 years.

And those will run concurrent with each other, and also concurrent with-no-consecutive with the Count I.

Is that correct?

BY DEFENSE COUNSEL: They're gonna run concurrent with each other.

BY THE COURT: Yeah, the two 10-year sentences run concurrent with each other, but then-

BY THE PROSECUTING ATTORNEY: Consecutive to Count-

BY THE COURT: -consecutive to Count 1?

BY DEFENSE COUNSEL: To the 1, right.

BY THE PROSECUTING ATTORNEY: Yes; that's correct.

BY THE COURT: And that thereby arrives at the 25 years that has been discussed.

BY THE PROSECUTING ATTORNEY: Yes.

BY THE COURT: Is that correct?

BY THE PROSECUTING ATTORNEY: That's correct.

BY THE COURT: Count 4 will be a sentence of five (5) years in the Department of Corrections; Count 5, five (5) years; Count 6, five (5) years. And those will all run concurrent with each other and concurrent with the first three counts.

BY THE PROSECUTING ATTORNEY: Yes.

BY THE COURT: Count 7 is one (1) year in the county jail, which will run concurrent with all of these other sentences. And all this sentence will run concurrent with the present Clark County sentence that Mr. Quarles is serving. Did I state that correctly, ..., do you believe?

BY THE PROSECUTING ATTORNEY: Yes, Sir, I believe so.

BY DEFENSE COUNSEL: Correct, Your Honor.

See Document 8, Exhibit 4 at 9-11. In concluding the sentencing hearing, the state trial court judge specifically noted that "... when we prepare the Judgment and Commitment, that gives everyone another opportunity to review the situation. If there is some dispute, we'll take it up. But I believe that will be correct." See Document 8, Exhibit 4 at 12.

A Judgment and Commitment Order was subsequently entered. See Document 5, Exhibit 1. It conforms to the parties' agreement with one possible exception. The Judgment and Commitment Order indicates that the term of imprisonment for Count II is to be served consecutive to the term for Count III, see Document 5, Exhibit 1 at 2, this despite that the state trial court judge ordered the term for Count II to be served concurrent with the term for Count III, see Document 8, Exhibit 4 at 9-10. The Court was troubled by this discrepancy and invited Hobbs to provide some clarification.

Hobbs has now provided an explanation for the discrepancy between the Judgment and Commitment Order and the terms of imprisonment imposed by the state trial court judge. Hobbs' explanation is as follows:

In response to the Court's order, the office of Respondent's counsel

contacted both the records staff of the Arkansas Department of Correction as well as the prosecuting attorney who handled Quarles' guilty plea proceedings on November 2, 2011. The former confirmed that the prison is calculating Quarles' sentence consistently with the total 300-month (25-year) cumulative term stated on the Judgment and Commitment Order, see Doc. No. 5, Exhibit 1 at 5, and that Counts 2 and 3 are running concurrently with one another and consecutively to Count 1. This confirmation is in accordance with what is reflected in the attached offense summary, Respondent's Exhibit 5, which is contained in Quarles' penitentiary record. By conversation on December 17, 2013, the prosecuting attorney agreed to seek to correct the apparent scrivener's error in the Judgment and Commitment Order and, if an amended Judgment and Commitment Order is issued, respondent will supply a copy of it if this Court deems it necessary for disposition here. Inasmuch as it appears the discrepancy noted by the Court has no effect on Quarles' claims for relief, the petition should be denied for the reasons Respondent previously argued.

See Document 10 at 1-2.

On the basis of the record now before the Court, it is clear that the Judgment and Commitment Order contains nothing more than a scrivener's error. Quarles' cumulative sentence is being administered by Hobbs in accordance with Quarles' agreement with the prosecuting attorney, see Document 8, Exhibit 4 at 8-9; in accordance with the pronouncement of the state trial court judge at sentencing, see Document 8, Exhibit 4 at 9-11; and in accordance with the summary portion of the Judgment and Commitment Order, see Document 5, Exhibit 1 at 5.

Against the backdrop of the foregoing, the undersigned turns to Quarles' challenge to his attorney's representation, specifically, that counsel erroneously told Quarles the terms of imprisonment would run concurrent with each other. His challenge has no merit for the simple reason that counsel committed no error. Quarles received, and is serving,

the 300 month sentence he agreed to serve, all of his terms of imprisonment are concurrent with the exception of the sentence for Count I.

Quarles next maintains that the prosecuting attorney had a conflict of interest. Quarles so maintains because the prosecutor had allegedly represented Quarles in an earlier unrelated criminal case.

It would be improper for a prosecuting attorney to prosecute an accused on the basis of facts wholly or partially acquired by the prosecutor through a prior professional relationship as the accused's private attorney. See Gajewski v. United States, 321 F.2d 261 (8th Cir. 1963) (prosecutor represented accused in prior civil proceeding). The mere fact that a prosecutor previously represented an accused, though, does not ipso facto require the prosecutor's disqualification in the criminal case. The critical inquiry appears to be as follows: if there is no substantial relationship between the former representation and the present prosecution, and "if the prosecutor will not be called upon to use against his former client any confidential knowledge gained through their former association, no prejudice will result to the accused." See Id. at 267.

The mere fact that the prosecuting attorney may have represented Quarles in an earlier unrelated criminal case does not warrant any relief. Quarles has neither alleged nor shown  that a "substantial relationship" existed between the prosecutor's former representation of Quarles and Quarles' 2012 prosecution, or that the prosecutor used against Quarles any confidential knowledge gained through their former association.

It is for the foregoing reasons that the undersigned recommends Quarles' petition

be dismissed and all requested relief be denied. Additionally, the undersigned recommends that judgment be entered for Hobbs and a certificate of appealability be denied.

IT IS SO ORDERED this 6 day of January, 2014.


_____
UNITED STATES MAGISTRATE JUDGE